IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA CAMPLESE, | : | |
|     Plaintiff | : | No. 1:15-cv-00784 |
|     v. | : | |
| | : | (Judge Kane) |
| MORGAN STANLEY SMITH BARNEY, LLC, | : | |
|     Defendant | : | |

**MEMORANDUM**

Pending before the Court is Defendant Morgan Stanley Smith Barney's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 16.)  For the reasons set forth below, the Court will grant Defendant's motion.

**I.     BACKGROUND**

Since 1990, Plaintiff Angela Camplese worked for Defendant Morgan Stanley Smith Barney ("Morgan Stanley") as a broker in Harrisburg, PA.  (See Doc. No. 14 ¶¶ 4-6.)  Around June 2006, Plaintiff began to take medical leaves of absence due to her impaired health.  (Id. ¶¶ 10-12.)  Plaintiff alleges that Doug Berlin, Defendant's Harrisburg Branch Manager and Vice President, repeatedly commented and inquired about Plaintiff's absences from work.  (Id. ¶ 14.)  In addition to her supervisor's comments, Plaintiff states that she received "harassing comments" from a co-worker about her job security.  (Id. ¶¶ 48-49; see id. ¶ 42, 52.)

As a result of such conduct, Plaintiff alleges that working conditions became so "poisoned" that she "eventually resigned" on December 18, 2012.[1]  (Id. ¶¶ 54, 58, 83.)  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)

---

[1] Plaintiff's amended complaint states that, "[a]lthough the Plaintiff eventually resigned her employment, it was a constructive discharge because of the poisoned atmosphere." (Doc. No. 14 ¶ 83.)  The term "constructive discharge" refers to a situation where "working conditions [are] so intolerable that a reasonable person would have felt compelled to resign." Pennsylvania State Police v. Suders, 542 U.S. 129, 146-47 (2004).

on September 24, 2013 and was issued a right to sue letter on October 28, 2014.  (Doc. No. 17 at 3, 7.)  Plaintiff filed a complaint in the Court of Common Pleas of Monroe County, Pennsylvania on March 16, 2015, and Defendant removed the action on April 21, 2015.  (Doc. No. 1.)  Plaintiff filed an amended complaint on June 16, 2015.  (Doc. No. 14.)

In the amended complaint, Plaintiff brings claims of constructive discharge and hostile work environment against Defendant under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16 (Title VII), and under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. (ADA).  (Id.)  Plaintiff also alleges that Defendant unlawfully retaliated against Plaintiff in violation of Title VII and the ADA.  On June 30, 2015, Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 16.)  The motion has been fully briefed and is ripe for disposition.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  A court must accept as

true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

### III.   DISCUSSION

#### A.   Whether Plaintiff's Title VII and ADA claims are time-barred

Defendant Morgan Stanley moves the Court to dismiss Plaintiff's Title VII and ADA claims as time-barred.  (Doc. No. 17 at 8-10.)  Plaintiff argues that "all of her claims are timely under the 'continuing violation' theory."  (See Doc. No. 20 at 4).  Defendant counters that the continuing violation doctrine is not applicable because none of "the alleged discriminatory acts occurred within the limitations period," (Doc. No. 21 at 8), and Plaintiff fails "to allege anything more than isolated or sporadic acts of alleged discrimination" (Doc. No. 17 at 10).

First, before addressing the continuing violation doctrine, the Court must determine the applicable filing requirement.  "Under the ADA and Title VII, a complainant has 300 days from

the alleged unlawful employment practice to file a charge of employment discrimination with the EEOC ….." Patterson v. AFSCME # 2456, 320 F. App'x 143, 145 (3d Cir. 2009) (citing 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a)). Plaintiff filed a charge of discrimination with the EEOC on September 24, 2013. (Doc. No. 18-2 at 3-4.) Therefore, a discriminatory act must have occurred on or after November 28, 2012 in order for Plaintiff's Title VII and ADA claims to be timely. See Aubrey v. City of Bethlehem, Fire Dep't, 466 F. App'x 88, 92 (3d Cir. 2012). Here, as discussed below, the only alleged discriminatory act that occurred on or after November 28, 2012 is an act "based upon a continuous pattern of discriminatory treatment" over six years: Plaintiff's December 18, 2012 "constructive discharge." (Doc. No. 14 ¶¶ 54, 58); see Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1084 (3d Cir. 1996) (internal citations omitted); see also Pa. State Police v. Suders, 542 U.S. 129, 148 (2004) ("A constructive discharge involves both an employee's decision to leave and precipitating conduct …."). Absent an exception to the 300-day filing requirement, the discriminatory acts that form the basis of Plaintiff's constructive discharge would, however, be time-barred. The Court therefore turns to the relevant exception, the continuing violation doctrine.

      i.      **Continuing Violation Doctrine**

The continuing violation doctrine is an "equitable exception" to the aforementioned filing requirement. Shenkan v. Potter, 71 F. App'x 893, 894-95 (3d Cir. 2003). The doctrine applies where the discriminatory conduct "is part of a continuing practice," id., and aggregates discriminatory acts that are not individually actionable into a "hostile work environment claim."[2] O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). Thus, a charge alleging a hostile

---

[2] The continuing violation doctrine does not preserve time-barred claims for discriminatory acts that are individually actionable such as: "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation." O'Connor, 440 F.3d at 127. An alleged discrete discriminatory act that occurred prior to November 28, 2012 is time-barred and will not support Plaintiff's suit. Id.

work environment or a constructive discharge, Suders, 542 U.S. at 149, "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." See Morgan, 536 U.S. at 122 (emphasis added).

Plaintiff invokes the "continuing violation doctrine" to preserve her allegations of discriminatory acts that occurred prior to November 28, 2012 and underlie her hostile environment and constructive discharge claims. (See Doc. No. 20 at 4-6.) In order to establish a continuing violation, a plaintiff must (1) "demonstrate that at least one act occurred within the filing period," and (2) "that the harassment is more than the occurrence of isolated or sporadic acts of intentional discrimination." West v. Phila. Elec. Co., 45 F.3d 744, 754-55 (3d Cir. 1995) (internal quotations omitted); see Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013). Defendant maintains that none of "the alleged discriminatory acts occurred within the limitations period," (Doc. No. 21 at 8), and Plaintiff failed "to allege anything more than isolated or sporadic acts of alleged discrimination" (Doc. No. 17 at 10).

This Court first determines whether Plaintiff has alleged "more than the occurrence of isolated or sporadic acts of intentional discrimination."[3] West, 45 F.3d at 754-55; see Mandel, 706 F.3d at 167. If not, Plaintiff has not sufficiently alleged an element of the continuing violation doctrine, West, 45 F.3d at 754-55, and Plaintiff's Title VII and ADA claims will be time-barred.

---

[3] Two considerations guide this Court's decision to begin its analysis with West v. Philadelphia Electric Co.'s second prong. 45 F.3d at 754-55. First, a constructive discharge by its "very nature involves repeated conduct." Morgan, 536 U.S. at 115; see Pennsylvania State Police v. Suders, 542 U.S. 129, 149 (2004). Second, in Hill v. Borough of Kutztown, the Third Circuit stated that it would be "inappropriate for the District Court to decide [the] fact intensive question," in the Rule 12(b)(6) context, of whether a claimant has "alleged conditions so intolerable that a reasonable person in his position would have felt compelled to resign, i.e., whether he, in fact, was constructively discharged." 455 F.3d 225, 233 n.7 (3d Cir. 2006).

### ii.     Continuing practice or isolated acts of intentional discrimination

The Third Circuit has instructed district courts to consider two factors when "distinguishing continuing violations from isolated occurrences:" subject matter and frequency. Shenkan, 71 F. App'x at 895 (citing Cowell, 263 F.3d at 292); see Bennett v. Susquehanna Cty. Children & Youth Servs., 592 F. App'x 81, 84 n.3 (3d Cir. 2014) (citing Mandel v. M & Q Packaging Corp., 706 F.3d 157, 166 & n.4 (3d Cir. 2013)). The subject matter prong inquires "whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation." Cowell, 263 F.3d at 292. The frequency prong asks "whether the acts are recurring or more in the nature of isolated incidents." Id.

Here, the amended complaint details several insensitive comments and inquiries by Plaintiff's co-workers and supervisor. (Doc. No. 14.) Plaintiff alleges that: (1) her supervisor repeatedly commented and inquired, "for a period of two years," about Plaintiff's medical absences between 2006 and 2008 (Doc. No. 14 ¶ 14); (2) her supervisor commented in 2008 that Defendant could not justify two full-time brokers (Id. ¶¶ 40, 42); (3) her supervisor commented that Plaintiff needed to "dress appropriately" on or around 2008 (Id. ¶ 76; see id. ¶ 12); (4) a co-worker made harassing comments in 2011 that Plaintiff was "going to get fired" (Id. ¶¶ 48, 92); (5) male co-workers "were taken to New York and [her] requests to do the same were denied" on an unknown date (Id. ¶ 52); and (6) Defendant denied Plaintiff a window office on an unknown date (Id. ¶ 66).

Despite drawing all reasonable inferences in Plaintiff's favor, the Court finds that the amended complaint fails to sufficiently allege more than sporadic acts of discrimination. See Mandel, 706 F.3d at 167. First, as to the frequency prong, the amended complaint alleges two reoccurring acts: (1) a supervisor repeatedly commenting to Plaintiff's brother about her medical

absences for "a period of two years" (Doc. No. 14 ¶ 14), and (2) a co-worker who "began making hostile" comments in "the fall of 2011" that Plaintiff "was 'going to get fired'" (Id. ¶ 92). The amended complaint does not mention any discriminatory acts occurring between 2009 and the fall of 2011. (Id.) Therefore, even if the Court were to infer that these two reoccurring allegations constitute the same type of discrimination, the hiatus between the acts occurring around 2008[4] and the co-worker's harassment in 2011 precludes the Court from reasonably inferring that a "persistent, ongoing pattern" of discrimination occurred between 2008 and 2011. See Coombs v. Target Corp., No. 12-4651, 2013 WL 664186, at *4 (E.D. Pa. Feb. 25, 2013) (addressing "a two-year break between allegations of discrimination") (collecting cases); see Hamera v. Cnty. of Berks, 248 F. App'x 422, 424 (3d Cir. 2007) (addressing a "four-year gap between the allegedly discriminatory comments").

Moreover, as to Defendant's conduct on or after 2011, Plaintiff similarly fails to allege more than sporadic acts of intentional discrimination. West, 45 F.3d at 754-55. The amended complaint details the following events in 2011 and 2012: (1) a co-worker "persisted in making harassing comments" in 2011 that Plaintiff "was 'going to get fired;'" (Doc. No. 14 ¶¶ 48) and (2) a January 31, 2012 conversation with human resources where Plaintiff explained how "male brokers were taken to New York and Plaintiff's requests to do the same were denied" (Id. ¶¶ 50, 52). Again, these allegations do not permit the Court to reasonably infer "a persistent, ongoing pattern" of discrimination. Mandel, 706 F.3d at 167.

---

[4] The Court infers from the amended complaint that the following conduct occurred around 2008: persistent comments about Plaintiff's medical absences (Doc. No. 14 ¶ 14), a single reference to Plaintiff's termination (id. ¶ 42), and insensitive remarks about the manner Plaintiff dressed while wearing a brace for her 2008 thumb injury (id. ¶¶ 75-76).

Accordingly, for the reasons discussed above, the Court finds that Plaintiff has failed to allege facts sufficient to invoke the continuing violation doctrine.[5] Plaintiff's Title VII and ADA claims in Counts I and II of the amended complaint are therefore time-barred. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

### B.    Whether Plaintiff adequately alleged a retaliation claim

Defendant also moves the Court to dismiss Plaintiff's retaliation claim brought in Count III under Title VII and the ADA. (Doc. No. 17 at 16-19.) In particular, Defendant argues that Plaintiff failed to "plead facts supporting a causal nexus between her alleged protected activity and any adverse action." (Doc. No. 21 at 16.) The Court turns to whether Plaintiff has adequately alleged the required "causal connection."

In order to state a claim for retaliation under Title VII or the ADA, a plaintiff must adequately allege that: (1) she engaged in some protected activity; (2) the "employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." See Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006); see also Davis v. Davis Auto, Inc., 509 F. App'x 161, 163 (3d Cir. 2013). As to the causal connection requirement, the Third Circuit has identified two factors to consider: "(1) the 'temporal proximity' between the protected activity and the alleged discrimination and (2) the existence of a pattern of antagonism in the

---

[5] Because Plaintiff fails to adequately allege "more than the occurrence of isolated" acts of discrimination, the Court need not decide whether Plaintiff has adequately alleged "that at least one act occurred within the filing period." See West, 45 F.3d at 754-55. Neither party has briefed whether Plaintiff's constructive discharge in December 18, 2012 can, by itself, "anchor" the acts "that fall outside the [limitations] period." Serrano-Nova v. Banco Popular de P.R., Inc., 254 F. Supp. 2d 251, 262 (D.P.R. 2003); see also Morgan, 536 U.S. at 113 (stating, in dicta, that a claimant "could not use a termination that fell within the limitations period to pull in the time-barred discriminatory act") (interior citation omitted). The parties may revisit the matter once the Supreme Court issues a decision in Green v. Donahoe, 760 F.3d 1135 (10th Cir. 2014), cert. granted, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 14-613).

8

'intervening period.'" Hussein v. UPMC Mercy Hosp., 466 F. App'x 108, 112 (3d Cir. 2012) (internal citations omitted). Having concluded above that the amended complaint does not adequately allege more than sporadic acts of discrimination, the Court looks to "the 'temporal proximity' between the protected activity and the alleged discrimination." Id.

Here, Plaintiff alleges that "the ultimate constructive discharge of the Plaintiff's employment" on December 18, 2012 reflected Defendant's "retaliatory animus" stemming from Plaintiff "ha[ving] participated in a class action suit by female brokers against the Defendant … [and having] received a settlement for the same" on October 8, 2008.[6] (Doc. No. 14 ¶¶ 55, 85-86.) In light of the four-year gap between the protected activity and the alleged discrimination, the Court finds that the amended complaint fails to "raise a plausible inference of causation" between Plaintiff's participation in a class action and the alleged constructive discharge. See Gooden v. Pennsylvania, No. 10-3792, 2010 WL 5158996, at *5 (E.D. Pa. Dec. 10, 2010) (granting a motion to dismiss where the "temporal separation simply could not support an inference of causation"); cf. Klein v. Cty. of Bucks, No. 12-4809, 2013 WL 1310877, at *4 (E.D. Pa. Apr. 1, 2013). Accordingly, Plaintiff's Count III fails to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the amended complaint will be granted in its entirety. An order consistent with this memorandum follows.

---

[6] Plaintiff also appears to allege that she was constructively discharged on December 18, 2012 in retaliation for her conversation with Defendant's human resources office on January 31, 2012. (See Doc. No. 14 ¶¶ 56, 61, 94.) In light of the ten-month gap between January 31, 2012 and December 18, 2012 and the absence of any alleged discriminatory acts during that period, the Court similarly finds that the amended complaint fails to sufficiently "raise a plausible inference of causation" between Plaintiff's January 2012 conversation and the alleged constructive discharge. Cf. Klein, 2013 WL 1310877, at *4.